UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
EDWARD ROZINSKI,

                Plaintiff,

  -against-

COMMISSIONER OF SOCIAL
SECURITY,

              Defendant.
------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1: 19-cv-479-FB

*Appearances*:
*For the Plaintiff*:
HAROLD SKOVRONSKY, ESQ.
1810 Avenue N
Brooklyn, New York 11230

*For the Defendant*:
RICHARD P. DONOGHUE, ESQ.
United States Attorney
Eastern District of New York
271 Cadman Plaza East, 7th Floor
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

    Edward Rozinski seeks review of the Commissioner of Social Security's denial of his application for disability insurance benefits. Rozinski requests a remand for further proceedings and the Commissioner requests dismissal.  For the following reasons, Rozinski's motion is granted and the Commissioner's motion is denied.

I

    Rozinski filed an application for benefits on June 30, 2015.  His application was denied, and he requested a hearing before an ALJ. After the hearing, the ALJ ruled that Rozinski was not disabled.  The ALJ assigned an RFC of light work. The Appeals Council declined review.

1

II.

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). "Substantial evidence . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (internal quotation marks and alterations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

III.

Rozinski argues that the ALJ erred in determining his mental impairments were non-severe. The record includes opinions of one treating psychiatrist, Dr. Azbel, and two consultative doctors, Dr. Phillips and Dr. Carr. Dr. Azbel and Dr. Carr's opined that Rozinski's mental impairments cause more than a "minimal effect" on his ability to work. *See* SSR 85-28 (1985) (An impairment is severe if it has "more than a minimal effect" on one's ability to work). Dr. Phillips concluded that his mental impairments cause very few limitations.

In determining Rozinski's severe impairments and RFC, the ALJ gave treating psychiatrist Azbel's opinions limited weight, reasoning that treatment notes contradicted his opinions. However, a "treatment provider's perspective would seem [] more important in cases involving mental health." *See Flynn v. Comm'r of*

*Soc. Sec*, 729 F. App'x 119, 122 (2d Cir. 2018). Therefore, without substantial evidence to the contrary, Dr. Azbel's psychiatric opinions, rather than his treatment notes or the opinions of consultative examiners, are most important. And, the record demonstrates that Dr. Azbel's opinions are supported by substantial evidence—including Dr. Carr's opinion.

Additionally, in critiquing Dr. Azbel's opinions, the ALJ impermissibly interpreted the psychiatric treatment notes in functional terms. *See Benman v. Comm'r of Soc. Sec.*, 350 F. Supp. 3d 252, 259 (W.D.N.Y. 2018) ("[T]he ALJ may not interpret raw medical data in functional terms"). It is Dr. Azbel's job, as the treating doctor, to interpret treatment notes, not the ALJ's.

The RFC does not account for any of the mental limitations Dr. Azbel diagnosed. Accordingly, both the severe impairment and RFC determinations are flawed and must be reconsidered in light of Dr. Azbel's controlling opinion.

### III

For the foregoing reasons, Rozinski's motion is GRANTED and Commissioner's motion is DENIED.

**SO ORDERED.**

_/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
July 30, 2020